In the Matter of **LEHIGH VALLEY RAILROAD**, Debtor.

In re **DEFERRAL OF TAXES.**

No. 70–342.

United States District Court, E. D. Pennsylvania.

Dec. 4, 1972.

William R. Traub, Duane, Morris & Heckscher, Philadelphia, Pa., for Trustees, Lehigh Valley R.R.

Thomas P. Zolezzi, Asst. Atty. Gen., for New York.

Kenneth F. Yates, Deputy Atty. Gen., for New Jersey.

Herman Rosenberger, Asst. Atty. Gen., for Commonwealth of Pa.

## MEMORANDUM AND ORDER NO. 139

FULLAM, District Judge.

The Trustees have petitioned for authority to defer payment of taxes. I have concluded that the petition should be granted.

I am satisfied that temporary deferral of tax payments is necessary in order to insure continued operation of the railroad; that the Trustees do not have, and have no immediate prospect of obtaining, sufficient cash to pay taxes and continue rail operations; and that the hardship to the local communities involved would be considerably greater if the railroad were to shut down, than it would be if the Trustees fail to pay taxes on a current basis.

No useful purpose would be served in setting forth here in detail the unsatisfactory financial condition of the Debtor's estate. Suffice it to say that unpaid interline accounts have been accruing at a rate in excess of $400,000 per month during the entire reorganization; that the Trustees are presently unable to pay certain wage increases prescribed by collective bargaining agreements; and that the Trustees have applied for government guarantee of trustees' certificates under the provisions of the Emergency Rail Services Act of 1970.

It is to be anticipated that some definitive resolution of the Debtor's problems will take shape within the next few months. The Trustees' ability to pay taxes will be under constant review, and the deferral authorization now granted will be limited to a period of one year.

## ORDER NO. 139 AUTHORIZING THE TRUSTEES TO DEFER PAYMENT OF CERTAIN TAXES

And Now, this 4th day of December, 1972, it is Ordered:

1. Any taxing entity which claims (i) that the Debtor's unpaid tax liability to such agency for the current year equals or exceeds 15% of the annual budget of such taxing entity for the current year; (ii) that under applicable law the budgeted revenue anticipated to be received from the Debtor cannot lawfully be obtained from other sources; and (iii) that deferral of payment of its said tax liability by the Debtor could result in serious curtailment of essential services by such taxing entity, may present verified proof of these facts to the Trustees not later than January 31, 1973. In all cases where such proof is presented, the Trustees shall be authorized to pay the taxes then due, and shall, not later than February 15, 1973, file in this Court a report setting forth what disposition has been made or is proposed to be made with respect to the tax claims in this category.

2. Until further Order of this Court, except as provided in paragraph 1 of this Order and except for the taxes described in paragraph 4 of the Trustees' Petition, the Trustees are directed to make no further payment of taxes to any taxing entity to which the Debtor is liable for payment of aggregate taxes which during 1972 exceeded $1,000 and

to which notice has been given of the Order setting a hearing on this Petition; provided, however, that the Trustees in their discretion, and subject to such further Orders as the Court may from time to time enter, are authorized to pay such taxes as the Trustees shall determine, in the exercise of their business discretion, they should pay in the interests of the ultimate reorganization of the Debtor.

3. All persons and governmental entities are hereby enjoined from taking any action of seizure, foreclosure, tax sale, or any other action which would disturb the Trustees' continued use, occupancy, and possession of the properties owned or used by the Debtor, or which would deprive the Trustees of title thereto, or use thereof, by reason of the failure of Debtor to pay taxes.

4. Unless otherwise Ordered, this Order shall Expire on December 4, 1973.